No. 26-5287

---

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

ISAAC TEJADA RUIZ,

Petitioner-Appellant,

v.

TRINITY MINTER, in her official capacity as
Warden for the West Tennessee Detention Facility *et al.*,

Respondents-Appellees.

---

On Appeal from the United States District Court
for the Western District of Tennessee
No. 2:26-cv-02303 (Lea, J.)

---

## RESPONDENTS-APPELLEES' MOTION TO DISMISS

---

**BRETT A. SHUMATE**
**Assistant Attorney General**
**Civil Division**

**DAVID J. SCHOR**
**Senior Litigation Counsel**
**Office of Immigration Litigation**

**HOLLY M. SMITH**
**Assistant Director**
**U.S. Department of Justice**
**Civil Division**
**Office of Immigration Litigation**
**P.O. Box 878, Ben Franklin Station**
**Washington, D.C. 20044**
**Tel: (202) 305-1241**
**Email: Holly.Smith2@usdoj.gov**

**Attorneys for Respondents-Appellees**

On April 2, 2026, Petitioner-Appellant Isaac Tejada Ruiz ("Tejada") filed a notice of appeal from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241.  Notice, <u>Tejada Ruiz v. Minter et al.</u>, No. 26-5287 (6th Cir. Apr. 2, 2026), Dkt. No. 1; <u>see</u> Order, <u>Tejada v. Bullock</u>, No. 2:26-cv-02303 (Lea, J.) (W.D. Tenn. Apr. 2, 2026), Dkt. No. 13.[1]  At the time he filed his notice of appeal, Tejada was detained in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  Tejada subsequently received a bond hearing, and ICE released him from custody.

Respondents-Appellees respectfully move to dismiss the instant appeal for lack of jurisdiction.  Simply stated, the appeal is moot in light of Tejada's release from detention – the relief that he was seeking.[2]

## BACKGROUND

In March 2026, ICE took Tejada into custody and detained him at the West Tennessee Detention Center.  Ex. A at 2.  Thereafter, Tejada filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention without a

---

[1] The district court's order denying Tejada's habeas petition is attached as Exhibit ("Ex.") A for ease of reference.

[2] When previously contacted, counsel for Tejada declined to voluntarily dismiss the appeal.

bond hearing.  Pet., <u>Tejada v. Bullock</u>, No. 2:26-cv-02303 (Lea, J.) (W.D. Tenn. March 20, 2026), Dkt. No. 1; <u>see</u> Ex. A at 2-5.

In an order dated April 1, 2026, the district court rejected Tejada's argument that 8 U.S.C. § 1226(a) governed his detention and that he thus was entitled to an individualized bond hearing.  Ex. A at 5-7.  Rather, the district court determined, Tejada, who conceded he never had been legally admitted to the United States, was an "applicant for admission," and thus his detention during his removal proceedings was mandatory under 8 U.S.C. § 1225(b)(2).  <u>Id.</u>  The district court further determined that Tejada's mandatory detention under Section 1225(b)(2) did not violate the Constitution.  <u>Id.</u> at 7-9 (rejecting Tejada's claims concerning Due Process and Fourth Amendment).  The following day, Tejada filed the instant notice of appeal.  Notice, <u>Tejada Ruiz v. Minter et al.</u>, No. 26-5287 (6th Cir. Apr. 2, 2026), Dkt. No. 1.

On May 11, 2026, this Court issued its decision in <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713 (6th Cir. 2026).  In that decision, this Court, in a split decision held that only a narrower category of aliens – those who present themselves at ports of entry or otherwise pursue lawful admission, but are ineligible for admission – can be detained under Section 1225(b)(2)(A) pending removal proceedings and that Section 1225(b)(2)(A) does not apply to the significant number of aliens who remain present in the United States after they

2

illegally enter, on the theory that such aliens are not "seeking admission."
Id. at 721-32. The Court further held that due process principles prohibit the government from detaining such aliens without a bond hearing. Id. at 732-34.

Thereafter, on May 22, 2026, Tejada appeared before an Immigration Judge for a custody redetermination, i.e., a bond hearing. Ex. B. The Immigration Judge ordered that Tejada be released from custody under a bond of $2500 and ordered alternatives to detention at DHS's discretion. Id. Per information from ICE, Tejada was released from custody on May 26, 2026.

## ARGUMENT

The Court should dismiss the appeal for lack of subject matter jurisdiction because the case is moot. The Constitution's case or controversy requirement confines the jurisdiction of the courts to "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character . . . ." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (internal quotation marks omitted). Accordingly, the Court lacks jurisdiction to consider any case or issue that has "lost its character as a present, live controversy" and thereby becomes moot. Hall v. Beals, 396 U.S. 45, 48 (1969) (per curiam). Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question. Rice, 404 U.S. at 246. "A federal court has no authority to render a decision upon moot questions

3

or to declare rules of law that cannot affect the matter at issue." <u>United States v. City of Detroit</u>, 401 F.3d 448, 450 (6th Cir. 2005) (quoting <u>Cleveland Branch, N.A.A.C.P. v. City of Parma</u>, 263 F.3d 513, 530 (6th Cir. 2001) (internal quotation marks omitted)).

"The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties . . . ." <u>McPherson v. Mich. High Sch. Athletic Ass'n, Inc.</u>, 119 F.3d 453, 458 (6th Cir. 1997) (quoting <u>Crane v. Ind. High Sch. Athletic Ass'n</u>, 975 F.2d 1315, 1318 (7th Cir. 1992)) (internal quotation marks omitted). When a case is rendered moot during the pendency of the action, the Court must dismiss the action for lack of subject matter jurisdiction. <u>See Genesis Healthcare Corp. v. Symczyk</u>, 569 U.S. 66, 72 (2013) ("If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." (internal quotation marks omitted)); <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting <u>Ex parte McCardle</u>, 7 Wall. 506, 514, 19 L. Ed. 264 (1868))).

Before the district court, Tejada sought to have his detention classified as pursuant to 8 U.S.C. § 1226(a) and, accordingly, to be afforded a bond hearing. See Ex. A at 5. When the district court disagreed and determined that his detention was mandatory under 8 U.S.C. § 1225(b), Tejada filed the instant appeal. Before this Court, in his opening brief, Tejada challenges the district court's interpretation and seeks, in large part, a remand to the district court pursuant to Lopez-Campos, 175 F.4th at 721-34. Pet'r-Appellant Br. at 12-16. Indeed, Tejada contends that, "[a]t a minimum, this Court should reverse and remand with instructions that [he] receive a prompt individualized bond hearing under § 1226(a)." Pet'r-Appellant Br. at 16.

This appeal is moot, where Tejada has received the very relief that he has been seeking. That is, on May 22, 2026, he appeared before an Immigration Judge for a custody redetermination, i.e., bond hearing. Ex. B. Consequently, as Tejada has received the bond hearing that he sought to procure through litigation before the district court and now this Court, there remains no "real and substantial controversy admitting of specific relief through a decree of a conclusive character . . . ." Rice, 404 U.S. at 246 (internal quotation marks omitted). Stated another way, Tejada's case has "lost its character as a present, live controversy." Hall, 396 U.S. at 48. Accordingly, the Court should dismiss the appeal for lack of

5

jurisdiction.  See Genesis Healthcare Corp., 569 U.S. at 72; Steel Co., 523 U.S. at 94.[3]

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

---

[3] In all cases, remand pursuant to Lopez-Campos is inappropriate at this time, where the government has filed with the Supreme Court a petition for writ of certiorari from that case.  Raycraft v. Lopez-Campos, No. 25-1415.  The government petitioners in that case have framed the questions presented as:  "1. Whether 8 U.S.C. 1225(b)(2)(A) mandates the detention pending removal of aliens who, like respondents, are present in the United States without having been admitted[; and] 2. Whether detaining respondents without a bond hearing during their removal proceedings comports with due process."  Raycraft v. Lopez-Campos, petition for cert. at I, No. 25-1415 (filed June 22, 2026).

**CONCLUSION**

For the foregoing reasons, the Court should dismiss this appeal for lack of jurisdiction.  If the Court denies this motion, Respondents-Appellees respectfully request that the Court reset the time for their brief to 30 days after the date of the Court's order.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DAVID J. SCHOR
Senior Litigation Counsel
Office of Immigration Litigation


/s/Holly M. Smith
HOLLY M. SMITH
Assistant Director
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel:  (202) 305-1241
Email:  Holly.Smith2@usdoj.gov

Dated:  July 7, 2026                    Attorneys for Respondents-Appellees



**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

Isaac Tejada Ruiz,

      Petitioner,

      v.                            Case No. 2:26-cv-02303-BCL-tmp

CHRISTOPHER BULLOCK,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

      Respondent.

---

**ORDER GRANTING LEAVE TO FILE REPLY AND DENYING § 2241 PETITION**

---

Petitioner Isaac Tejada Ruiz has filed a Petition for Habeas Corpus under 28 U.S.C. § 2241, by which he challenges his detention without a bond hearing. Doc. 2 at 1.

Two housekeeping matters must be handled at the outset. *First*, the Court is in receipt of Petitioner's Motion for Leave to File Late Reply. Doc. 11. That motion is **GRANTED**, and the Court has considered Petitioner's Reply (Doc. 11-1) which is deemed filed. *Second*, the United States Court of Appeals for the Sixth Circuit has held that the "district director"—now the Field Office Director—for the place of confinement is the proper respondent to a Section 2241 petition filed by an alien challenging his confinement. *See Roman v. Ashcroft*, 340 F.3d 314, 320–21 (6th Cir. 2003). Here, that is now Christopher Bullock, Field Office Director for the New Orleans Field Office, United States Immigration and Customs Enforcement. The Clerk is therefore **DIRECTED** to modify the docket to replace Scott Ladwig with Christopher Bullock. *See* Fed. R. Civ. P. 25(d). All other respondents are **DISMISSED.**

As to the merits of the Petition for habeas corpus, the Petition (Doc. 1) is **DENIED** for the reasons that follow.  Any other motions are **DENIED** as moot, and the Clerk is directed to **CLOSE THE CASE.**

<div align="center">

**BACKGROUND**

</div>

Petitioner, a citizen of El Salvador, entered the United States at age sixteen on an unknown date in 2006, without inspection by an immigration officer. Doc. 1 at 3, 4. On February 28, 2012, Petitioner was served with a Notice to Appear ("NTA") charging him with being "an alien present in the United States who has not been admitted or paroled." *Id*. In August 2012, Immigration and Customs Enforcement ("ICE") released Petitioner from custody on bond. *Id*. Ultimately, the immigration judge issued an order administratively closing Petitioner's case. *Id*. at 7.

In March 2026, Petitioner was taken into ICE custody following a traffic stop. Doc. 1 at 4; Doc. 10 at 2. Petitioner is currently in custody at the West Tennessee Detention Center in this district. Doc. 1 at 6. On March 5, 2026, Department of Homeland Security ("DHS") filed a motion to re-calendar the removal proceedings in immigration court. Doc. 10 at 2. That motion is pending at this time. *Id*.

<div align="center">

**LEGAL STANDARD**

</div>

Section 2241 authorizes a court to issue a writ of habeas corpus when an individual "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An alien seeking to challenge his detention relating to removal proceedings may in some circumstances seek relief through a Section 2241 petition. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Section 2243 directs the judge entertaining an application for a writ of habeas corpus to "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person

<div align="center">2</div>

detained is not entitled thereto." 28 U.S.C. § 2243. The last clause of Section 2243 imposes "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face," as where "the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

## ANALYSIS

The Court denies the Petition because Petitioner's claims fail on their merits. The exhaustion doctrine does not bar review of Petitioner's claims, but Petitioner's detention without a bond hearing violates neither the Immigration and Nationality Act nor the Constitution.

### I.    Petitioner's claims challenging application of 8 U.S.C. § 1225 fail.

### A.  The Exhaustion Doctrine precludes review of Petitioner's statutory claims.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). That requirement makes obvious sense when Congress requires exhaustion. It arguably makes less sense when, as in Section 2241, Congress has not done so. Perhaps the so-called prudential exhaustion doctrine—a matter of "sound judicial discretion," *id.*—can be explained as an aspect of ripeness, the idea being that there is no ripe dispute if the Executive Branch has not had its final say. Or perhaps it is a shirking of the federal courts' "virtually unflagging" duty to exercise jurisdiction in cases properly before them. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)).

In any event, both the Supreme Court and the Sixth Circuit have embraced the doctrine, which is thus binding on this Court. *See, e.g.*, *McCarthy*, 503 U.S. at 144; *Shearson v. Holder*, 725 F.3d 588, 593–94 (6th Cir. 2013). Exhaustion gives an agency "the opportunity to correct its own

mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted).

True, the exhaustion requirement can be excused if exhaustion would be futile. But, as the Sixth Circuit has recently explained, in determining whether exhaustion would be futile, "the crucial inquiry [is] whether the agency can provide the relief requested if the argument succeeds, not whether it is likely to succeed." *Smith v. U.S. Sec. & Exch. Comm'n*, No. 24-3907, 2026 WL 850806, at *7 (6th Cir. Mar. 27, 2026).[1] And, here, the immigration judge or BIA could certainly grant petitioner a bond hearing or release on bond if he were to prevail on his claims; indeed, the whole theory of his claims is that the law compels the immigration judge to give him such a hearing (and not, say, that the federal courts should be stepping in to run bond proceedings on a categorical basis). And while Petitioner suggests that the fact that he is imprisoned warrants an exception to the exhaustion requirement, he cites no authority for that proposition, which would swallow the general requirement for exhaustion for aliens challenging their removal or detention relating thereto. Petitioner's statutory claims are thus barred by the exhaustion doctrine and due to be rejected for that reason alone.

---

[1] *Smith* addressed the futility exception in the context of an express exhaustion requirement that excepted situations in which "there was reasonable ground for … failure to" exhaust. *Id.* at *5 (quoting 15 U.S.C. § 78y(c)(1)). That makes no difference: There is no logical reason for treating the concept of futility differently in the context of a prudential rule than in the context of a statute with a generally worded exception that encompasses the concept of futility.

4

**B. Under the governing statutes, Petitioner is an "applicant seeking admission" subject to mandatory detention.**

Petitioner's statutory eligibility for a bond hearing is determined by whether his detention is governed by 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a). Section 1225(b)(2) provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). In contrast, Section 1226(a) provides, in relevant part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General--
>
> **(1)** may continue to detain the arrested alien; and
>
> **(2)** may release the alien on--
>
>> **(A)** bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>
>> **(B)** conditional parole . . . .

8 U.S.C. § 1226(a)(1)–(2). Petitioner argues that he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). Doc. 1 at 8.

The Court disagrees. "Congress defined 'applicant for admission' broadly in Section 1225(a)(1) to include all 'alien[s] present in the United States who have not been admitted.'" *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 504 (5th Cir. 2026); *see* 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for

5

purposes of this chapter an applicant for admission.").[2] That definition encompasses Petitioner because he admits that he is present in the United States without ever having been legally admitted. *See* Doc. 2-3 at 3; *Avila v. Bondi*, -- F.4th --, 2026 WL 819258, at *4 (8th Cir. 2026).. The passage of time makes no difference. Unless and until Petitioner is granted authorization and lawfully admitted into the United States, he remains an "applicant for admission." As such, the Petitioner's detention during removal proceedings is mandatory under Section 1225(b)(2) because Petitioner is an "applicant for admission." Petitioner's challenge to that detention therefore fails.

Petitioner cannot avoid mandatory detention by claiming that he is not "seeking admission" in the sense of engaging in affirmative acts to gain admission. As both the Fifth and Eighth Circuits have held, "the ordinary meanings of the phrases 'applicant for admission' and 'seeking admission' are the same," *Avila*, 2026 WL 819258, at *2, because "when a person applies for something, they are necessarily seeking it," *Buenrostro-Mendez*, 166 F.4th at 502. *See also* 8 U.S.C. § 1225(a)(3) (referring to aliens "who are applicants for admission *or otherwise* seeking admission" (emphasis added)). The statutory context confirms the point: The statute does not say that an applicant for admission must be detained "if" he is seeking admission, which strongly suggests that the two phrases do not impose separate conditions. *Avila*, 2026 WL 819258, at *2. Moreover, to the extent Petitioner is seeking to remain in the country by challenging his removal— as he presumably is because he is seeking relief instead of asking to be removed—he is "seeking admission" even on his own reading of that phrase as a separate condition.

---

[2] Statutory language underscores the point in providing that "'admission'. . . mean[s], with respect to an alien, the *lawful* entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13) (emphasis added). Until his entry into the United States is lawful, Petitioner remains an "applicant for admission," and thus his detention during removal proceedings is mandatory under Section 1225(b)(2). *See Avila v. Bondi*, -- F.4th --, 2026 WL 819258, at *2 (8th Cir. 2026).

Petitioner fares no better with his argument seeking to cabin Section 1225(b)(2) to "arriving aliens." Doc. 111-1 at 6. Section 1225(b)(2) does not include such a limitation. Congress surely would have included that limitation if it had intended Section 1225(b)(2) to apply only to aliens arriving at the border, a point highlighted by Congress' use of "arriving aliens" elsewhere in Section 1225. *See Buenrostro-Mendez*, 166 F.4th at 504.

Petitioner further argues that to subject aliens who are present in the interior of the country without authorization to mandatory detention under Section 1225(b)(2)(A) would render superfluous Section 1226(c) and the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025). Doc. 11-1 at 6–7. Not so. Section "1226(c) and the Laken Riley Act do not mandate the detention of aliens who otherwise would *not* be subject to mandatory detention, but instead they mandate the *timing* of the detention of certain aliens"—specifically, by providing that those aliens shall be detained following release from an underlying offense. *Gomez v. Daley*, No. 2:25-CV-00150-SCM, 2026 WL 252496, at *6 (E.D. Ky. Jan. 30, 2026); *see also Gomez Hernandez v. Lyons*, No. 1:25-CV-216-H, 2026 WL 31775, at *7 (N.D. Tex. Jan. 6, 2026) ("[T]he [Laken Riley Act] was not meaningless—it narrowed the discretion afforded to any Administration exercising detention authority under Section 1226."). Petitioner's anti-superfluity argument is thus baseless—but even if there were some superfluity that would not justify rewriting the plain text of Section 1225. *See Barton v. Barr*, 590 U.S. 222, 239 (2020). Petitioner's statutory challenge to his detention therefore fails.

## II.   Subjecting Petitioner to mandatory detention as required by a faithful interpretation of Section 1225 does not violate the Constitution.

Petitioner's remaining arguments invoke the Constitution. Petitioner first claims that his detention without a bond hearing violates the Due Process Clause. Doc. 1 at 10. In addition,

Petitioner asserts that Due Process and the Fourth Amendment prevent the government from detaining him now without a new independent ground for arrest. *Id*. at 11.

"[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citing *The Japanese Immigrant Case*, 189 U.S. 86, 100–101 (1903)). But, when a noncitizen has not been lawfully admitted to the United States, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" because such noncitizens have "only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138, 140 (2020). This is the result of "the so-called 'entry fiction' theory of immigration law," under which "[a]liens who have not 'entered the United States within the meaning of the law,' i.e., who were never lawfully admitted and do not have leave to remain, are 'still in theory of law at the boundary line,'" *Gonzalez v. Ladwig*, No. 2:26-cv-02017-MSN-atc, 2026 WL 413602, at *11 (W.D. Tenn. 2026) (Norris, J.) (quoting *Kaplan v. Tod*, 267 U.S. 228, 230–31 (1925)), where they have only those rights provided by Congress. *See Thuraissigiam*, 591 U.S. at 140. And, here, Congress did not provide a right to a bond hearing. 8 U.S.C. § 1225(b)(2)(A). *Zadvydas v. Davis* in no way suggests that the Constitution requires every noncitizen facing removal be given a bond hearing during the pendency of those removal proceedings, no matter how brief. *See Buenrostro-Mendez*, 166 F.4th at 508. As to Petitioner's argument that his recent arrest violates the Fourth Amendment or Due Process Clause because it is "without new cause," Petitioner cites—and the Court is aware of—no authority establishing that either of those provisions prevents the Government from detaining an alien in compliance with the law simply because he was earlier wrongly released after he crossed the border illegally. The Court will not impose that extreme rule in the absence of authority compelling it.

8

Neither the governing statutes nor the Constitution guarantee Petitioner an individualized bond hearing in connection with removal proceedings. Those claims therefore cannot support the Petition. Accordingly, Petitioner is not entitled to the writ.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED TO CLOSE THIS CASE**.

**IT IS SO ORDERED**, this 1st day of April, 2026.

<div style="margin-left:40%">

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

</div>



**EXHIBIT B**



Respondent Name:

    TEJADA RUIZ, ISAAC

To:

    Frager, Barry Lee
    80 Monroe Avenue
    Suite 325
    Memphis, TN 38103

A-Number:
205-152-076
Riders:
In Custody Redetermination Proceedings

Date:
05/22/2026

☐ Unable to forward - no address provided.

☑ Attached is a copy of the **decision of the Immigration Judge.** This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision. See the enclosed forms and instructions for properly preparing your appeal. Your notice of appeal, attached documents, and fee or fee waiver request must be mailed to:

        Board of Immigration Appeals
        Office of the Clerk
        P.O. Box 8530
        Falls Church, VA 22041

☐ Attached is a copy of the decision of the immigration judge as the result of your Failure to Appear at your scheduled deportation or removal hearing. This decision is final unless a Motion to Reopen is filed in accordance with Section 242B(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252B(c)(3) in deportation proceedings or section 240(b)(5)(c), 8 U.S.C. § 1229a(b)(5)(c) in removal proceedings. If you file a motion to reopen, your motion must be filed with this court:

        Immigration Court

☐ Attached is a copy of the decision of the immigration judge relating to a Reasonable Fear Review. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available.

☐ Attached is a copy of the decision of the immigration judge relating to a **Credible Fear Review.** This is a final order. No appeal is available.

☐ Other:

Date: 05/22/2026

Immigration Judge: Thompson, Ryan 05/22/2026

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : TEJADA RUIZ, ISAAC | A-Number : 205-152-076

Riders:

Date: 05/22/2026 By: MCDOWELL, CHALAFONTE, Court Staff



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**MEMPHIS IMMIGRATION COURT**

Respondent Name:

TEJADA RUIZ, ISAAC

To:

Frager, Barry Lee
80 Monroe Avenue
Suite 325
Memphis, TN 38103

A-Number:
205-152-076
Riders:
In Custody Redetermination Proceedings

Date:
05/22/2026

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☐ Denied, because

☑ Granted. It is ordered that Respondent be:
    ☐ released from custody on his own recognizance.
    ☑ released from custody under bond of $ 2,500.00
    ☑ other:
        ATD at DHS discretion.
        Respondent has a minimal criminal record, and multiple letters of support.
        Respondent has met his burden of proof to show that he would not be a
        danger to persons or property if released.
        Respondent's eligibility for cancellation of removal is speculative, but
        Respondent has been in the United States for at least 14 years and
        established significant family ties to include  USC children.  Respondent's
        brother is an LPR and has agreed to sponsor the Respondent.  Additionally,
        Respondent has been in removal proceedings since 2012 and the Court has
        no record of Respondent not complying with court appearances.

☐ Other:

Immigration Judge: Thompson, Ryan 05/22/2026

Appeal: Department of Homeland Security: ☐ waived ☑ reserved

Respondent: ☑ waived ☐ reserved

Appeal Due: 06/22/2026

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : TEJADA RUIZ, ISAAC | A-Number : 205-152-076

Riders:

Date: 05/22/2026 By: MCDOWELL, CHALAFONTE, Court Staff

## CERTIFICATE OF COMPLIANCE

I certify that the attached motion complies with the requirements of Fed. R. App. P. 27(d)(2), 32(a)(5), & 32(a)(6) because it contains 1348 words and has been prepared in a proportionally-spaced, 14-point, Times New Roman typeface using Word for Microsoft 365.

/s/Holly M. Smith
HOLLY M. SMITH
Assistant Director

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for the United States Court of Appeals for the Sixth Circuit by using the

CM/ECF system on July 7, 2026. I further certify that all participants in the case

are registered CM/ECF users and that service will be accomplished by the

CM/ECF system.

/s/Holly M. Smith
HOLLY M. SMITH
Assistant Director