**NOT RECOMMENDED FOR PUBLICATION**

No. 26-5287

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 13, 2026
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| ISAAC TEJADA RUIZ,<br><br>Petitioner-Appellant,<br><br>v.<br><br>TRINITY MINTER, in her official capacity as Warden for the West Tennessee Detention Facility; et al.,<br><br>Respondents-Appellees. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |

O R D E R

Before: NORRIS, STRANCH, and MATHIS, Circuit Judges.

This matter is before the court upon respondents-appellees' motion to dismiss for lack of jurisdiction.

Issac Tejada Ruiz, a citizen of El Salvador, entered the United States in 2006 when he was 16 years old. In 2012, he was issued a Notice to Appear and placed in removal proceedings. He was later released from custody on bond, and an immigration judge administratively closed his case. In March 2026, following a traffic stop, he was taken into custody by Immigration and Customs Enforcement and held at the West Tennessee Detention Center under the authority of 8 U.S.C. § 1225(b)(2)(A), which authorizes mandatory detention for "an applicant for admission."

On March 20, 2026, Tejada Ruiz filed a 28 U.S.C. § 2241 habeas petition challenging his detention. He argued that he should not be held under § 1225(b)(2)(A) and that his case should instead be processed under 8 U.S.C. § 1226(a), which permits detention, release on bond, or probation. He alleged violations of the Administrative Procedure Act (APA), the Immigration and

Nationality Act (INA), the Due Process Clause, and the Fourth Amendment in connection with his re-detention because he was re-arrested absent a material change in his circumstances. He asked that the writ be granted, that he be released or, alternatively, provided a bond hearing. He also requested that the respondents-appellees be enjoined from continuing to detain him under § 1225(b)(2)(A). The district court denied the petition, concluding that Tejada Ruiz's failure to exhaust his claims precluded review of his statutory claims and that his mandatory detention under § 1225 did not violate the Constitution. Tejada Ruiz appealed.

On May 11, 2026, approximately five weeks after Tejada Ruiz filed his notice of appeal, we decided *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). There, we held that the mandatory detention provision of § 1225(b)(2)(A) applied only to those noncitizens seeking admission at the border, *id*. at 732, and that unadmitted noncitizens found in the country's interior were subject to detention under § 1226(a) and entitled to bond hearings, *id*. at 734. On May 22, 2026, Tejada Ruiz appeared before an immigration judge and was released from custody on a $2,500 bond with certain conditions.

Respondents-appellees now move to dismiss the appeal as moot. They argue that Tejada Ruiz's petition "sought to have his detention classified as pursuant to 8 U.S.C. § 1226(a) and, accordingly, to be afforded a bond hearing." Because he has received a bond hearing, they assert that he "received the very relief that he has been seeking" and no live controversy exists. Tejada Ruiz disagrees, arguing that we can still grant him effectual relief. He explains that he appealed from a judgment that held that his detention arose under § 1225(b)(2)(A) and that this court "retains authority to reverse, vacate, or remand this appeal case consistent with *Lopez-Campos*." He contends that "the precedential effect of an erroneous statutory classification . . . creates consequences beyond immediate custody" and would impede "his ability to challenge future detention under the correct statute." Ruiz asserts that even if the appeal is moot, equity indicates that this court should reverse or vacate the district court's judgment with directions to dismiss.

"Article III denies federal courts the power 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam)). The case-or-controversy

requirement exists "through all stages of federal judicial proceedings, trial and appellate." *Id.* A case is moot when the issue presented is no longer "live" or the "parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Where interim relief or events have "completely . . . eradicated the effects" of an alleged violation of law and "there is no reasonable expectation that the alleged violation will recur," a case is moot. *Id.* (citation modified). The party claiming mootness bears a "heavy" burden. *Id.* (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 632–633 (1953)).

The respondents-appellees have not met that burden. As noted above, Tejada Ruiz's habeas petition asserted that his detention under § 1225(b)(2)(A) violated the APA, the INA his right to due process, and the Fourth Amendment, and he asked that he either be released or provided a bond hearing and that the respondents-appellees be enjoined from continuing to detain him under § 1225(b)(2)(A). Although he has received a bond hearing, the Attorney General may revoke that bond "at any time," 8 U.S.C. § 1226(a), subjecting Tejada Ruiz to potential future detention. Absent this court's decision on the legality of the respondents-appellees' action under § 1225(b)(2)(A) as applied to Tejada Ruiz, his release on bond has not "completely . . . eradicated the effects of the alleged violation" of law. *Davis*, 440 U.S. at 631.

No court has evaluated Tejada Ruiz's claims relating to his March 2026 arrest under the proper framework, and he retains a legally cognizable interest in the resolution of those claims. In his appellate brief, Tejada Ruiz continues to assert that his rearrest was unlawful and that the district court erred by finding otherwise. But this court is "a court of review, not first view." *Taylor v. City of Saginaw*, 11 F.4th 483, 489 (6th Cir. 2021) (quoting *United States v. Houston*, 792 F.3d 663, 669 (6th Cir. 2015)). We "generally 'cannot consider an issue not passed on below.'" *St. Marys Foundry, Inc. v. Emps. Ins. of Wausau*, 332 F.3d 989, 995 (6th Cir. 2003) (quoting *Hormel v. Helvering*, 312 U.S. 552, 556 (1941)). Rather, our "customary practice" is to remand for the district court to address the issue. *Houston*, 792 F.3d at 669.

The motion to dismiss the appeal as moot is therefore **DENIED**, and the appeal is **REMANDED** to the district court for further proceedings.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk